IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIGHT REALTY, LLC | § | |
| | § | |
| v. | § | Case No. 4:14-cv-00351 |
| | § | |
| MARK PORTER and | § | |
| MARK PORTER INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Bright Realty, LLC ("Plaintiff"), files its Original Complaint against Defendants, Mark Porter and Mark Porter Inc., as follows:

## INTRODUCTION

1.     This is an action for trademark and copyright infringement and unfair competition arising out of Defendants' unauthorized use, copying, reproduction, distribution, public display, modification, and creation of derivative works of Plaintiff's trademarks and copyrighted materials, including unauthorized use of Plaintiff's design marks, symbols, logos, photographs, videos, graphic art, artwork, and other content on several of Plaintiff's proprietary websites. Defendants have copied and used Plaintiff's trademarks and copyrighted materials in connection with Defendants' real estate business and related products and services without any compensation to Plaintiff.  Defendants' actions have infringed Plaintiff's rights, created the false impression that Defendants are somehow affiliated with, sponsored by, or approved by Plaintiff, diluted Plaintiff's works and marks, diminished the value of Plaintiff's works and marks, damaged Plaintiff's business reputation, and damaged the goodwill associated with Plaintiff's business and Plaintiff's reputation.  In order to remedy Defendants' acts of infringement and unfair competition and to prevent unjust enrichment, Plaintiff seeks injunctive relief, as well as

the recovery of damages for the full amount of Plaintiff's losses or damages, disgorgement of Defendants' profits, attorneys' fees, and costs.

## PARTIES

2.      Plaintiff is a Texas limited liability company with its principal place of business in Lewisville, Denton County, Texas.  It is the original developer and manager of Castle Hills, a 2,600-acre master-planned real estate development within the extraterritorial jurisdiction of the City of Lewisville, Texas.

3.      Defendant, Mark Porter, is an individual who resides in Lewisville, Denton County, Texas.  He may be served with process at his residence at 1101 Morgan Lefay Ln., Lewisville, Texas 75056.  He bills himself as a 23-year veteran of the real estate industry who works as a residential real estate broker, investor, and consultant within Castle Hills.

4.      Defendant, Mark Porter Inc., is a Texas corporation with its principal place of business in Lewisville, Denton County, Texas.  It may be served with process through its registered agent, Mark Porter, at its registered address, 1101 Morgan Lefay Ln., Lewisville, Texas 75056.  Upon information and belief, Mark Porter Inc. is the owner of the Site (defined below) and the entity through which Mark Porter conducts his real estate business.

## JURISDICTION AND VENUE

5.      This is an action arising under the U.S. Copyright Act, 17 U.S.C. § 501, and 1202(b), the Lanham Act, 15 U.S.C. § 1125(a), and the common law of the State of Texas.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367, and 15 U.S.C. § 1121.

7.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the events giving rise to the claims

stated herein occurred in this district and Defendants reside and are doing business in this district.

## FACTS

8.      Plaintiff is part of Bright Industries, LLC, a 60-year-old family-owned organization with diversified interests in real estate, banking, oil and gas exploration, and other business interests that finds its roots in the family of the legendary Texas businessman, H.R. "Bum" Bright.  As indicated above, Plaintiff is the original developer and manager of Castle Hills, 2,600-acre master-planned community that is consistently recognized as one of the best master-planned communities in North Texas.  In addition to developing properties, Plaintiff's divisions and affiliates within Bright Industries provide funding, management, marketing and leasing services in connection with residential, office, mixed-use, and retail projects in Castle Hills, including without limitation, Castle Hills Village Shops & Plaza, The Lakes at Castle Hills, and Enchanted Hills.

9.      Plaintiff has expended considerable time, effort, and capital in establishing the Castle Hills development and Plaintiff's real estate business and related products and services using certain design marks, including stylized versions of Castle Hills, Enchanted Hills, The Lakes at Castle Hills, and Bright Realty Texas State Open (collectively, the "Symbols") and other copyrighted content, including photographs, videos, text, graphics, artwork, designs, drawings, and other materials, on Plaintiff's proprietary websites www.castlehills.com, www.castlehillsvillageshops.com, www.enchantedhill.com, www.thelakesatcastlehills.com, www.castlehillsmovie.com (the "Websites"), and the movie "Cooper and the Castle Hills Gang" (the "Movie") (collectively, the "Works").  For example, Plaintiff has produced several award-winning marketing campaigns and maintains proprietary websites bearing the Symbols.  As a

result, the Symbols and the Works have become synonymous with the high-quality products and services offered by Plaintiff within the State of Texas and in interstate commerce, including the Internet.

10.     Prior to the institution of this action, Plaintiff filed applications for registration of the copyrights in and to the materials and contents of the Websites and the Movie.  In connection with each such application, Plaintiff paid all registration fees and submitted deposit copies of each work to be copyrighted (i.e., each Website and the Movie).  Thus, Plaintiff has in all respects complied with the requirements prescribed by the Copyright Office for the registration of Plaintiff's copyright in the Works.

11.     Plaintiff has never given Defendants authorization or a license to use the Symbols or the Works.  Recently, however, Plaintiff learned that Defendants were using the Symbols and Works in conjunction with Defendants' real estate business and related products and services and on the commercial websites www.castlehillsliving.com and www.castlehillsrealestate.com, Facebook social media site account "Castle Hills Living" and other social media accounts, and Craigslist postings (the "Infringing Sites").  By Plaintiff's count, Defendants literally copied at least six distinct trademarked logos and at least 77 copyrighted photographs, videos, text, graphics, artwork, designs, drawings, and other materials on just one of the Infringing Sites. Examples of Defendants' unauthorized, unlicensed, and unlawful use of the Symbols and Works are shown in **Exhibit A**.

12.     Defendants' use of the Works and Symbols violates Plaintiff's trademark rights, copyrights, and common-law rights in and to the Works and Symbols.  Upon information and belief, Defendants have received money and other benefits from their use of the Works and Symbols.   In addition, Defendants' actions are creating confusions among customers and

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**

creating the false impression that Defendants are affiliated with or endorsed, approved, or sponsored by Plaintiff.

13.     Upon learning about Defendants' unlawful use of the Works and Symbols, Plaintiff sent Defendants a letter in which Plaintiff demanded that Defendants cease and desist their use of the Works and Symbols and provide confirmation to Plaintiff by January 10, 2014, that Defendants had ceased all copying and use of the Works and Symbols.  By way of a letter dated February 4, 2014, Defendants claimed that they had ceased all copying and use of the Works and Symbols.  However, this was not true.  Defendants took down some, but not all, of the infringing materials on the Infringing Sites.  Thus, Plaintiff was forced to send yet another letter to Defendants requesting that Defendants take down all infringing materials on the Infringing Sites.  At the present time, Plaintiff believes that Defendants have ceased all copying and use of the Works and Symbols, but Defendants have refused to compensate Plaintiff for damages resulting from Defendants' unlawful conduct.  To the contrary, they have indicated that they have no intention of paying any sum of money to Plaintiff, notwithstanding their unlawful copying and use of Plaintiff's trademarks and copyrighted materials in connection with Defendants' real estate business and related products and services.

## CONDITIONS PRECEDENT

14.     All conditions precedent to Plaintiff's recovery have occurred, have been performed, are excused or waived, or have otherwise been satisfied.

## CAUSES OF ACTION

### Count One – Copyright Infringement

15.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16.     The Works are entitled to protection under the copyright laws of the United

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 5**

States.  Through the actions described above, Defendants have copied original elements from the copyrighted Works.  The Works were publicly displayed, available to, and accessed by Defendants via the Internet.  Proper copyright notices showing Plaintiff as the owner were prominently displayed on the Works.  Thus, Defendants are directly or secondarily liable for copyright infringement.

17.     As result of such infringement, Plaintiff seeks all remedies available to it, pursuant to the Copyright Act, including, but not limited to injunctive relief enjoining Defendants and their agents, servants, employees, representatives, successors, assignees, and those in privity with them from engaging in any further acts of infringement of Plaintiff's copyrights in the Works, including an order requiring such parties to cease all use and copying of the Works to the extent Defendants are still using or copying the Works.

18.     Plaintiff is also entitled to an order compelling Defendants to deliver for impounding and disposition all articles of merchandise, signs, plaques, advertisements, and/or any other materials in Defendants' possession, custody, or control that have been made or used in violation of Plaintiff's rights, all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of such infringing materials may be reproduced, and all records documenting the manufacture, sale, or receipt of things involved in Defendants' act of infringement.

19.     In addition, Plaintiff is entitled to recover actual damages suffered by Plaintiff as a result of the infringement and any profits of Defendants that are attributable to the infringement and are not taken into account in computing actual damages, all pursuant to 17 U.S.C. § 504(b), and, to the extent applicable, statutory and treble damages pursuant to 17 U.S.C. §§ 504(c)(1) and 504(c)(2).  At this time, Plaintiff is unable to determine the exact amount of its damages or

the full extent of the gains, profits, and advantages that Defendants have obtained through their acts of copyright infringement.  However, Plaintiff presently believes that its damages are at least $279,000.00.

20.    Additionally, to the extent the Court finds that infringement was committed willfully, which it was, Plaintiff is entitled to recover all of its costs, including reasonable attorney's fees.

### Count Two – Federal Unfair Competition under the Lanham Act

21.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

22.    Defendants' advertising, promotion, and sale of products and services in interstate commerce using the Symbols violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants have used, induced the use of, conspired in using, and/or vicariously used in commerce, including in commercial advertising or promotion, false or misleading designations of origin and false or misleading descriptions or representations, including words, terms, names, symbols, and combinations thereof, that misrepresent the nature, characteristics, qualities, or geographic origin of their goods, services, and commercial activities.  By misappropriating and using the Symbols, Defendants have misrepresented and falsely described to the general public the true nature, characteristics, qualities, or geographic origin of Defendants' goods, services, and commercial activities.  Defendants' actions have deceived, or have the capacity to deceive, a substantial segment of potential consumers because Defendants' unlawful, unauthorized, and unlicensed use of the Symbols creates the express and implied misrepresentations that Defendants are affiliated with, connected to, or sponsored or approved by Plaintiff, which is likely to influence consumers' purchasing decisions.

23.     Plaintiff has been injured as a result of Defendants' acts and practices.   The services provided by Defendants are of the same general nature and type as products and services offered by Plaintiff using the Symbols.   As such, Defendants' use of the Symbols is likely to, and upon information and belief, is certainly intended to, cause confusion among the purchasing public.   Plaintiff has no control over the quality of the products and services offered by Defendants and Defendants' use of the Symbols dilutes the goodwill associated with Plaintiff's business, diminishes the value of the Symbols, and damages the reputation that Plaintiff has developed in connection with its use of the Symbols.

24.     As a result of the acts described above, Plaintiff is entitled to recover damages from and against Defendants.   In addition, Plaintiff is entitled to disgorgement of any gains, profits, and advantages obtained by Defendants as a result of the acts described above.   Plaintiff is unable to determine the exact amount of damages at this time, and Plaintiff cannot ascertain at this time the full extent of the gains, profits, and advantages that Defendants have obtained as a result of their unlawful conduct.   However, Plaintiff presently believes that its damages are at least $279,000.00.   Plaintiff is also entitled to recover treble damages and enhanced profits in an amount to be determined at trial.

25.     Plaintiff is also entitled to injunctive relief enjoining Defendants from any further infringing conduct, to the extent Defendants are still using the Symbols, as well as compelling Defendants to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the Symbols and any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same.

26.     Finally, because Defendants acts of infringement were malicious, fraudulent,

deliberate, or willful, Plaintiff is entitled to an award of its attorney's fees.

## Count Four – Unjust Enrichment

27.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28.     Defendants have used the Symbols and the Works in connection with the advertising and sale of goods and services within the State of Texas with no consideration or payment to Plaintiff.  Upon information and belief, Defendants have received profits and other benefits from the advertising and sale of goods and services and, to the extent those profits and benefits were or are being generated through Defendants' improper use of the Symbols and the Works, Defendants have been unjustly enriched, and will continue to be unjustly enriched, at Plaintiff's expense in an amount to be determined at trial.

## JURY DEMAND

29.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a jury trial on all issues in this case triable of right by a jury.

## RELIEF REQUESTED

30.     Based on the foregoing, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that upon final trial, the Court grant the following relief:

    a.   temporary and permanent injunctive relief as requested above;

    b.   the impounding and disposition of all infringing articles;

    c.   an order compelling Defendants to account for all profits and benefits arising from their use of the Symbols and the Works;

    d.   judgment in an amount reflecting Plaintiff's actual damages or Defendants' profits, whichever is greater, with such damages to be increased as the Court finds to be just under the circumstances of this case;

    e.   judgment in an amount sufficient to compensate Plaintiff for its losses caused by Defendant's actions described herein, including the diminution in value of the Symbols and the Works, damages to Plaintiff's business and goodwill, and any other damages to which Plaintiff may be entitled;

      f.   to the extent applicable, statutory and treble damages;

      g.  punitive damages;

      h.  prejudgment and post judgment interest

      i.   costs of court;

      j.   attorney's fees as allowed by law; and

      k.  such other and further relief to which Plaintiff may be justly entitled.

Dated: May 30, 2014.

Respectfully submitted,


By: */s/ Brian Vanderwoude*
    J. Brian Vanderwoude
    Texas Bar No. 24047558
    bvanderwoude@winstead.com
    **WINSTEAD PC**
    500 Winstead Building
    2728 N. Harwood St.
    Dallas, Texas 75201
    (214) 745-5400 Phone
    (214) 745-5390 Facsimile

    **ATTORNEYS FOR PLAINTIFF**
    **BRIGHT REALTY, LLC**